1 OF 12

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2004 JUL 30 P 12:20
U.S. DISTRICT COURT
DISTRICT OF MASS.

JOHN CONTEH
 Petitioner,
 A73 630 730

v.

04-11685 RWZ

JOSEPH F. MCDONOUGH,
 Sheriff - PLYMOUTH
 COUNTY JAIL

MAGISTRATE JUDGE Cohen

Respondent shall file a responsive
pleading by 8/18/04
Rya W. Zobel
7/30/04

APPLICATION FOR AN EMERGENCY WRIT OF HABEAS CORPUS FOR IMMEDIATE INJUNCTIVE RELIEF FROM THE BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT (BICE) DETENTION, AS PETITIONER HAS BEEN DETAINED FOR A A) LONG PERIOD OF (3) THREE YEARS FOR A BANK FRAUD WHICH THE JURY ACQUITTED HIM OF COMMITTING IN THE SOUTHERN DISTRICT OF N.Y.

NOW COMES PETITIONER, JOHN CONTEH (hereinafter "Petitioner") and PETITIONS THIS HONOURABLE COURT TO ISSUE AN IMMEDIATE RELIEF TO PROTECT HIS RIGHTS UNDER THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT USCA, CONSTITUTION, AMEND. 5

(1)

Petitioner is currently in Removal Proceedings under the BICE. Petitioner is challenging the constitutionality of his mandatory detention by the BICE for bank fraud which a jury has acquitted petitioner and his co-defendant of committing in the Southern District of New York.

Further, petitioner respectfully requests that this honourable court order the BICE to grant him a prompt bail hearing as he continues to challenge the merits of his removability.

### BACKGROUND

Petitioner is a native of Sierra Leone who came to the United States in January 1995.

Petitioner applied and was granted asylum by an asylum officer of the United States Immigration and Naturalization Service at the New York District on July 9th, 1997. See Exhibit-A "Asylum Approval Letter".

Petitioner in March 1998 was arrested by the FBI on a warrant issued by the United States District Court for the Southern District of New York.

Petitioner, a few hours in detention was granted a personal recognizance bail on the same day. Bond was later secured by $500 [Five Hundred].

In August 1998 after five months of petitioner's arrest, a grand jury returned a four count indictment 98-CR-876(LAK) charging the following. See portions of PSR under charges and convictions Exhibit-B

    1. Conspiracy in violation of 18 USC § 371
    2. Violations of 18 USC § 1344 [Chase Bank]
    3. Violations of 18 USC § 513(a) [Chase Bank]

in violations of 18 USC § 1001. Both charges of bank fraud pertaining to the check deposited into an account at Chase Bank, in the amount of $29,239.06. Petitioner, John Conteh was not charged with bank fraud in connection with the check that had been deposited into his own account at Dime Savings Bank.

Petitioner was allowed to continue on bond for over a year during his criminal proceedings.

On December 9th, 1999, after a three day trial by a jury; the jury acquitted Mr. Conteh on both charges of bank fraud. However, the jurors convicted petitioner on the conspiracy and false statement charges.

Petitioner was allowed again to continue on bail after this guilty verdict on counts 1 and 4.

Petitioner was sentenced on July 24, 2000. See United States v. Conteh, No. 98-CR-876 (LAK) (S.D.N.Y. July 24, 2000).

Petitioner was ordered to pay $9000 to Chase Bank, the only substantive offense of bank fraud charged in the indictment which the jury had acquitted petitioner and his co-defendant on both charges of bank fraud.

Further, petitioner was also ordered to pay $25,200 to First Vermont Bank; petitioner was not charged, unindicted, and unconvicted of committing bank fraud against this victim in the Southern District of New York.

Petitioner was sentenced to a term of one year and one day, petitioner served ten months and two weeks. Petitioner was not taken into custody after sentencing, but was ed to maintain his freedom until such time as ordered to voluntarily at a time as ordered by the Bureau of the prison

jury's verdict

(a)(2)(A)(iii)
, (a)(43)(M) and

"IF EVER, THE BICE WERE TO USE THIS APPROACH, I.E., WE KNOW THAT THE JURY FOUND YOU AND YOUR CO-DEFENDANT NOT GUILTY OF COMMITTING THOSE BANK FRAUDS, BUT WE KNOW THAT YOU COMMITTED THOSE BANK FRAUDS,", IT IS THE $9000 THAT'S APPLICABLE HERE, THE ONLY SUBSTANTIVE OFFENSE TO THE CONSPIRACY, WHICH STILL IS NOT AN AGGRAVATED FELONY UNDER THE STATUTE.

FEDERAL COURTS HAVE HELD THAT, CATEGORICAL APPROACH CONSIDERING ONLY ELEMENTS OF OFFENSE OF CONVICTIONS, AND NOT FACTUAL CIRCUMSTANCES OF CRIME AS APPROPRIATE, I.N.A. § 237(a)(A)(iii), AS AMENDED 8 USC § 1227(a)(2)(A)(iii).

RESTITUTION IN PETITIONERS CASE IS NOT CONTROLLING, THEY PERTAIN TO BANK FRAUD WHICH THE JURY AS PROVIDED UNDER THE SIXTH AMENDMENT SAID PETITIONER AND HIS CO-DEFENDANT DID NOT COMMIT, THE BICE SHOULD RESPECT THIS JURY'S PROVISION OF THE CONSTITUTION, AND NOT SAY THAT, BECAUSE PETITIONER IS NOT A U.S. CITIZEN, THIS CONSTITUTIONAL PROVISION TO A JURY TRIAL DOES NOT APPLY TO HIM.

THE STATUTE SPOKE IN TERMS OF CONVICTS.

237(a)(2)(A)(iii) OF THE INA PROVIDES THAT "ANY ALIEN WHO IS CONVICTED OF AN AGGRAVATED FELONY AT ANY TIME AFTER ADMISSION IS DEPORTABLE." PETITION WAS NOT CONVICTED OF THE BANK FRAUDS THAT THE GOVERNMENT IS RELYING ON.

PETITIONERS DETENTION BY THE BICE FOR BANK FRAUD WHICH WAS COMMITTED, BUT THE JURY SAID THE PEOPLE CHARGED IN THE INDICTMENT DID NOT COMMIT IS UNCONSTITUTION, A VIOLATION OF MY RIGHT TO A JURY TRIAL.

PETITIONER WAS NOT CONVICTED OF COMMITTING BANK FRAUD BY A JURY, TO MAKE HIM AN AGGRAVATED FELON, WILL BE ~~ACTUAL~~ ~~WHAT THE~~ CONTRARY TO THE JURY'S VERDICT.

PETITIONER WAS GRANTED ASYLUM IN 1997, AND 8 CFR § 208.21(a) STATES THAT

"AN ALIEN WHO HAS BEEN GRANTED ASYLUM MAY NOT BE DEPORTED OR REMOVED UNLESS HIS OR HER ASYLUM STATUS IS TERMINATED PURSUANT TO § 208.23 OF THIS PART. PETITIONER ASYLUM CAN'T BE TERMINATED FOR A BANK FRAUD WHICH A JURY UNDER THE SIXTH AMENDMENT SAID PETITIONER AND HIS CO-DEFENDANT WERE NOT GUILTY OF COMMITTING AS CHARGED.

SECTION 208.23(c)(9) STATES THAT, ... The Alien Shall be given written notice that Asylum Status or WITHHOLDING OF DEPORTATION OR REMOVAL AND ANY EMPLOYMENT AUTHORIZATION ISSUED PURSUANT THERETO ARE TERMINATED.

THE GOVERNMENT HAS NOT PROVIDED PETITIONER WITH SUCH WRITTEN NOTICE AS MANDATED UNDER THE STATUTE § 208.23 (C)(4). THE BICE CANNOT CONTINUE TO DETAIN PETITIONER WITHOUT A BOND HEARING, THIS COURT SHOULD ORDER PETITIONERS IMMEDIATE RELEASE PENDING THE OUTCOME OF HIS CASE AS PETITIONER IS NOT A THREAT TO THE UNITED STATES. See exhibit - D

— TRAVEL —

Removal Proceedings against petitioner began in May 2001, In a decision dated ~~NOVEMBER 2002~~ OCTOBER 1, 2002, an Immigration Judge found the respondent removable as an alien convicted of an aggravated felony, ~~to wit~~ under sections 237(a)(2)(A)(iii) of the INA.

On Feb. 10, 2003. The BIA sustained Petitioner's appeal and remanded the case back to the Immigration Court for further proceeding consistent with its opinion. See Exhibit BIA's Decision dated Feb. 10, 2003.

Petitioner has been attending several hearings and the IJ had determined again that Petitioner is removable because of the bank fraud which a jury acquitted Petitioner of committing in the Southern District of New York.

Only after the second BIA's appeal, will Petitioner be able to challenge his deportation in federal court.

Petitioner has been model prisoner at both FMC Devens and PCCF.

8 USC § 1226 (c)(1)(B) Section 237 (a)(2)(A)(iii) of the INA provides that "Any alien who is convicted of an aggravated felony at any time after admission is deportable", 8 USC § 1227 (a)(2)(A)(iii).

The crimes for which Petitioner is convicted does not constitute "aggravated felony" and Petitioner continue to challenge the BICE's allegation — as defined by the INA see 8 USC § 1101 (a)(43)(M)(i).

Petitioner is contending that the failure of the BICE to grant him a bail hearing violates his due process and Eighth Amendments rights under the Constitution.

Those victims of the restitution, are victims of bank fraud, and the jury found Petitioner and his co-defendant not guilty of committing those frauds, and the BICE should not go against the jury's verdict and say that Petitioner was convicted of bank fraud.

The victim of the only bank fraud charged

in the indictment which the jury found petitioner and his co-defendant not guilty of committing suffered a loss of only $9000, which is still less than $10000. The other $25,200, left to First Vermont Bank does not pertain to this indictment of bank fraud, and nobody was convicted of committing fraud against this bank. ~~If~~ See PSR for crimes charged.

Petitioner is humbly and respectfully seeking relief from this Honourable Court in the form of an order to require that the BICE conduct a hearing, as done in similar cases.

Also, petitioner has not received a written notice from the jurisdiction where he was granted asylum that, his asylum status that was granted him on July 9, 1997 has been terminated, the BICE allegation that petitioner was granted asylum on June 20, 2002 ~~as Is~~ incorrect, and petitioner was not convicted of bank fraud and security possession.

Since petitioner was never granted asylum on ~~July~~ June 20, 2002, petitioner remains an asylee and cannot be removed based on those allegations.

Petitioner strongly contests whether he is removable under 8 USC § 1227, the option of ending detention by departing this country does not cure any constitutionality infirmity in the mandatory detention provisions.

~~For this Honourable Review Court to~~

Petitioner is not deportable based on a bank fraud which the jury in the Southern District

OF NEW YORK SAID NEITHER PETITIONER, NOR HIS CO-DEFENDANT POSSESSED, UTTERED, ~~DEPOSITED~~ CAUSED THESE CHECKS TO BE DEPOSITED, AND SUBSEQUENTLY CAUSED MONEY TO BE WITHDRAWN FROM THOSE BANK.

THIS IS WHAT SHOULD APPLY - THE JURY'S VERDICT, AND NOT THE RESTITUTION. BECAUSE ACCORDING TO THE JURY, NOBODY IN THE INDICTMENT COMMITTED BANK FRAUD AS CHARGED. THE RESTITUTION DOES NOT MEAN CONVICTION.

THIS COURT HAS JURISDICTION OVER THE PETITIONER FOR HABEAS CORPUS UNDER 28 USC § 2241. Chi Thon Ngo v. BICE, 192 F.3d 390, 393 (3d Cir. 1999) (Exercising Jurisdiction over habeas petition of excludable alien challenging continued detention without bail hearing, Citing Sandoval v. Reno, 166 F.3d 225, 237-38 (3d Cir. 1999) and DeSousa v. Reno, 190 F.3d 175, 180 (3d. Cir. 1999); Bouayad v. Holmes, 74 F. Supp. 2d 471, 473 (E.D. Pa. 1999); Grant v. Zemski, 54 F. Supp. 2d 437, 437-41 (E.D. Pa. 1999) (RULING THAT INA DID NOT CONTAIN CLEAR STATEMENT THAT CONGRESS SOUGHT TO ELIMINATE HABEAS JURISDICTION).

IT IS WRITTEN SOMEWHERE IN THE CONSTITUTION THAT, NO ONE SHOULD BE HELD RESPONSIBLE FOR A CRIME AFTER THE JURY HAS ACQUITTED HIM OF THOSE CRIMES. THIS IS THE EXACT CASE HERE, THE JURY HAS ACQUITTED PETITION AND HIS CO-DEFENDANT OF THOSE BANK FRAUD CHARGES, AND YET, THE BICE IS USING THOSE BANK FRAUDS TO REMOVE PETITIONER.

CONSPIRACY TO COMMIT BANK FRAUD IS NOT AN AGGRAVATED FELONY, IF THE UNDERLYING SUBSTANTIVE OFFENSE CONVICTIONS DO NOT QUALIFY. Sharma v. Ashcroft, 57 Fed. Appx. 998 (C.A-3 2003).

THERE IS NO SUBSTANTIVE CONVICTION IN THIS CASE

THIS IS BECAUSE INA SECTION 101(a)(43)(U) DEFINES AGGRAVATED FELONY AS A CONVICTION RELATED TO AN ATTEMPT OR CONSPIRACY TO COMMIT OFFENSES DESCRIBED IN OTHER INA SECTIONS, INCLUDING 101(a)(43)(M), THE SECTION WITHIN WHICH THE SERVICE FOUND THE OFFENSE OF BANK FRAUD FITS.

IN THIS CASE NOBODY WAS CONVICTED OF COMMITTING FRAUD OR DECEIT, NOBODY IN THIS INSTANCE CASE WAS CONVICTED OF ANY OF THE OFFENSES DESCRIBED IN OTHER INA SECTIONS, INCLUDING THE ONE CHARGED BY THE SERVICE. See Sharma v. Ashcroft, 57 Fed. Appx. 998 (C.A. 2003).

ABSENT A CONVICTION OF BANK FRAUD, THE GOVERNMENT CANNOT SUSTAIN THE ABOVE CAPTIONED CHARGES. RESPONDENT IS NOT AN AGGRAVATED FELON, AND THIS COURT SHOULD GRANT PETITIONER A BOND PENDING THE OUTCOME OF HIS CASE.

1. RESPONDENT WAS NOT CONVICTED OF COMMITTING BANK FRAUD NOR ANY OTHER PERSON IN THIS INDICTMENT AGAINST THOSE VICTIMS.

2. THE VICTIM OF THE SUBSTANTIVE OFFENSE TO THIS CONSPIRACY SUFFERED A LOSS OF ONLY $9000.

PETITIONER HAS BEEN IN INS DETENTION SINCE JULY 2001 FOR BANK ~~FOR KILLING~~ FRAUD WHICH THE JURY FOUND HIM NOT GUILTY OF COMMITTING

THE JURY ACQUITTED ALL THE DEFENDANTS OF THE SUBSTANTIVE OFFENSE OF BANK FRAUD. THERE IS NO FRAUD INVOLVED ACCORDING TO THE JURY'S VERDICT, THE BICE SHOULD NOT CONTINUE TO DETAIN THE PETITIONER FOR A CRIME WHICH THE JURY HAS FOUND THE PETITIONER AND HIS CO-DEFENDANT NOT GUILTY OF COMMITTING.

THIS COURT SHOULD ORDER PETITIONERS IMMEDIATE RELEASE PENDING THE FINAL OUTCOME OF HIS CASE, AS PETITIONER HAS BEEN DETAINED FOR (3) THREE YEARS FOR A BANK FRAUD WHICH THE JURY SAID, PETITIONER AND HIS CO-DEFENDANT DID NOT COMMIT.

PETITIONER RESPECTFULLY PRAYS THAT, THIS COURT GRANTS PETITIONERS REQUEST, AS THE DAMAGE BEING DONE TO PETITIONER IS IRREPAIRABLE.

DATED: JULY 16th, 2004

RESPECTFULLY SUBMITTED,
JOHN CONTEH #30635
26 LONG POND ROAD,
PLYMOUTH, MA. 02360

COPIES MAIL:
CLERK OF COURT
U.S. DISTRICT COURT
1 COURTHOUSE WAY,
BOSTON, MA.

DISTRICT COUNSELS OFFICE, RM 425
JFK FEDERAL BUILDING
GOVERNMENT CENTER
BOSTON, MA. 02203.

BY REGULAR MAIL