```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS

JOHN CONTEH,                      )
                                  )
          Petitioner              )
                                  )     Civil Action No.
     v.                           )     04cv11685-RWZ
                                  )
JOSEPH F. MCDONOUGH, Sheriff      )
                                  )
                                  )
          Respondent[1]           )
```

<u>RETURN AND MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS</u>

**SUMMARY STATEMENT**

The Court should dismiss the petition for lack of subject matter jurisdiction, and for failure to state any claim upon which relief may be granted. The Court lacks jurisdiction to review petitioner's administratively non-final removal order, and petitioner's detention as a criminal alien pending a final determination of his removability is lawful as authorized by the Supreme Court decision in <u>Demore v. Kim</u>, 123 S.Ct. 1708 (2003).

**FACTUAL BACKGROUND**

Petitioner is a native and citizen of Sierra Leone who was admitted to the United States as a visitor on January 5, 1995. Petitioner applied for asylum and it was granted him on July 9, 1997. However, petitioner was later placed into removal proceedings on May 22, 2001, based upon his intervening federal

conviction in the Southern District of New York for Conspiracy to Commit Bank Fraud.

In removal proceedings petitioner was initially denied all relief and ordered removed to Sierra Leone by an Immigration Judge, but on administrative appeal petitioner's case was remanded to the Immigration Judge by the Board of Immigration Appeals ("BIA") on February 10 2003 for a new hearing. However, petitioner was again denied all relief in the reopened proceedings, and on June 30, 2004, he was ordered removed to Sierra Leone.  Petitioner then filed a notice of appeal to the BIA dated July 28, 2004.

Petitioner remains detained pending the BIA's determination of his appeal under the provisions of 8 U.S.C. § 1226(c)(1)(B) as an alien deportable by reason of having committed an aggravated felony.

## ARGUMENT

I.  JUDICIAL REVIEW OF REMOVAL PROCEEDINGS IS AVAILABLE ONLY, IF AT ALL, AFTER EXHAUSTION OF ADMINISTRATIVE REMEDIES.

Petitioner concedes he may not at present challenge the administratively non-final determination of his removability while it is on appeal at the Board of Immigration Appeals ("BIA"), and so the Court lacks subject matter jurisdiction to consider his substantive complaints as to the bases of that non-final determination. As petitioner has frankly conceded,

---

[1] See 28 U.S.C. § 517 (providing for the appearance of the Department of Justice "to attend to the interests of the United

his removal case is still ongoing before the Board of Immigration Appeals ("BIA"), and therefore "[o]nly after the second BIA's appeal, will petitioner be able to challenge his deportation in federal court." Application for Emergency Writ of Habeas Corpus, etc., p.7.[2]

Accordingly, because the question of petitioner's removability has not yet been exhausted administratively, this Court lacks jurisdiction to review the matter. See 8 U.S.C. § 1252(d)(1)(a court may review a final order of removal "only if . . . the alien has exhausted all administrative remedies available to the alien as of right . . ."); Sousa v. INS, 226 F.3d 28, 31 (1st Cir. 2000) ("[w]hatever our own views, we are bound by precedent to apply the INA exhaustion requirement in a more draconian fashion."). See also Mattis v. Reno, 212 F.3d 31, 41 (1st Cir. 2000) (court observing that "[t]raditional rules regarding exhaustion and waiver [which] govern on direct review of BIA final orders  . . . .[also] hold on habeas review, which we have suggested is less broad than direct review." Id. at 41. See also Groccia v. Reno, 234 F.3d 758, 762 (1st Cir. 2000) ("Conventional [issue] forfeiture rules pertain in habeas cases.").

Accordingly, the case should be dismissed for lack of subject matter jurisdiction as to the Immigration Judge's

---

States in a suit pending in a court of the United States").
[2] Petitioner's page "7 of 12", although as scanned into the Court's CMECF system it appears as page 6.

determination of removability due to the continuation of ongoing administrative removal proceedings, but without prejudice to his future filing of an otherwise cognizable petition for review upon final administrative determination of removal proceedings.

II. PETITIONER IS LAWFULLY DETAINED PENDING A DETERMINATION OF HIS REMOVABILITY.

Petitioner also challenges his continuing detention, apparently upon the idea that because he continues to dispute his substantive removability, he is not lawfully detained.

However, petitioner's continuing detention pending a final administrative determination of his removability at the BIA is lawful as authorized by statute and by Supreme Court precedent. It is provided by law that an alien in removal proceedings may generally be detained "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Moreover, at 8 U.S.C. § 1226(c)(1)(B) continuing detention is directed for criminal aliens after their release from criminal custody. See generally 8 C.F.R. § 1236.1(c)(1)(same). Petitioner in fact had applied for a custody redetermination before the Immigration Judge,[3] but he then failed to appeal the Immigration Judge's October 1, 2002, adverse determination to

---

[3] See 8 C.F.R. § 1003.19(h)(2)(ii) (2004) (providing that an alien may seek a determination by an Immigration Judge that the alien is not properly included within a class of aliens described as subject to continuing detention).

4

the BIA, as he could have.[4]  See Attachment A, Custody Order of the Immigration Judge.

In this connection, petitioner requested and received a custody hearing before the Immigration Judge, who determined that petitioner was within a class of criminal aliens whose detention the Immigration Court lacked jurisdiction to review. Attachment A.  In practical terms, this meant that the Immigration Judge assessed the sufficiency of the government's removal case against petitioner as a preliminary matter -- i.e., whether the removability charge that the petitioner was convicted of an "aggravated felony" was tenable -- for purposes of determining whether petitioner was "properly included" within the class of aliens subject to continuing detention and as to which the Immigration Judge therefore had no further jurisdiction concerning petitioner's custody. See generally Matter of Joseph, 22 I&N Dec. 799 (BIA 1999)(available at 1999 WL 339053 (BIA)) (providing for Immigration Judge review of whether alien in "properly included" in class of aliens respecting which the Immigration Judge lacks custody review authority).[5]

---

[4] It was available to petitioner to appeal a custody determination of the Immigration Judge administratively to the Board of Immigration Appeals.  8 C.F.R. § 1003.19(f) (2004).

[5] See also Demore v. Kim, 123 S.Ct. at 1713 n.3:

> This "Joseph hearing" is immediately provided to a detainee who claims that he is not covered by § 1226(c). Tr. of Oral Arg. 22. At the hearing, the detainee may avoid mandatory detention by

In <u>Demore v. Kim</u>, <u>supra</u>, the Supreme Court addressed the statutory provision governing the continuing -- or "mandatory" -- detention of criminal aliens like the instant petitioner and expressly declared: "[w]e hold that Congress, justifiably concerned that deportable criminal aliens who are not detained continue to engage in crime and fail to appear for their removal hearings in large numbers, may require that persons such as respondent be detained for the brief period necessary for their removal proceedings." <u>Id</u>. at 1712.  In this connection, petitioner's notice of appeal to the BIA is dated July 28, 2004, and there has been no suggestion that the course of the BIA's appellate deliberations has been unreasonably delayed to date.

Accordingly, petitioner has failed to state a claim of unlawful detention, and the case should be dismissed for failure to state a claim upon which relief may be granted.

### CONCLUSION

For all the reasons set out above, the Court should dismiss this action without prejudice to any future filing of an otherwise cognizable petition for review upon final administrative determination of removal proceedings,

---

   demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention. <u>See</u> 8 CFR § 3.19(h)(2)(ii) (2002); <u>In re Joseph</u>, 22 I. & N. Dec. 799, 1999 WL 339053 (1999).

and deny all other relief sought.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

By:  s/Frank Crowley
     FRANK CROWLEY
     Special Assistant U.S. Attorney
     Department of Homeland Security
     P.O. Box 8728
     J.F.K. Station
     Boston, MA 02114
     (617) 565-2415

## CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on August 18, 2004.

                              s/Frank Crowley
                              FRANK CROWLEY
                              Special Assistant U.S. Attorney
                              Department of Homeland Security
                              P.O. Box 8728
                              J.F.K. Station
                              Boston, MA 02114