UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN CONTEH,
　　　Petitioner,

v.

JOSEPH F. McDONOUGH, Sheriff
　　　Respondent

CIVIL ACTION NO.
04-CV-11685-RWZ

ADDENDUM TO PETITIONERS MOTION

Article III, §2, Cl.3 of the Constitution provides: "The trial of all crimes, except in cases of impeachment, shall be by jury..."

The Sixth Amendment provides: "In all criminal prosecution, the accused shall enjoy the right to a speedy & public trial by an impartial jury..."

When this court deals with the contents of this gurantee... the only one to appear in both the body of the Constitution and Bill of Rights.... It is operating upon the spinal column of American democracy.

William Blackstone, the Framers, accepted authority on English law and the English Constitution, described the right to trial by the jury in criminal prosecutions as "the grand bulwalk of [the Englishman's] liberties... secured to him by the Great Charter"
4W Blackstone, Commentaries 349.

One of the indictment of the Declaration of Independence against King George III was that he had "subjected us to a jurisdiction foreign to our Constitution, and unacknowledge by our laws" in approving legislation "for depriving us, in many cases, of the benefits of trial by jury."

Alexander Hamilton wrote that, "The friends and adversaries of the plan of the Constitution Convention, if they agree in nothing else, concur at least in the value they set upon the trial by jury; or if there is any difference between them, it consists in this, the former regards it as a valuable safeguard to liberty, the latter represent it as the very palladium of free government," The Federalist No. 83, p. 426 (M. Beloff. ed. 1987).

The right to trial by jury in criminal cases was the only gurantee common to the 12 states constitutions that predated the Constitutional Convention, and it has appeared in the Constitution of every state to enter the Union thereafter. Alschuler & Deiss, A Brief History of the Criminal Jury in the United States, 61 U.Ch. L. Rev. 867, 870, 875, n. 44 (1994).

By comparison, the right to counsel ..., deprivation of which we have also held to be structural errors ... is a Johnny-come-lately, defense counsel did not become a regular fixture of the criminal trial until the mid 1800's see W. Beaney, Right to Counsel in American Courts 226 (1955).

The right to be tried by a jury in criminal cases obviously means the right to have a jury determine whether the defendant has been proved guilty of a crime charged, and

Since all crimes require proof of more than one element to establish guilt (involuntary manslaughter, for example, requires (1) the killing (2) of a human being (3) negligently) it follows that, trial by jury means determination by a jury that all elements were proved.

When this right has been exercised by the jury in petitioners case, the respondent should accept the verdict of the jury, no matter how unfavorable it may be to the respondent.

The Constitution does not trust judges to make determination of criminal guilt, and so, the people reserved the function of determining criminal guilt to themselves, sitting as jurors.

It is not within the power of the respondent to cancel that reservation.... neither by permitting trial judges to determine the guilt of a defendant who has been found not guilty by a jury, nor (when the respondent has done so anyway) by reviewing the facts and pronouncing the petitioner without-a-doubt guilty, and charging petitioner "convicted under section 8 USC § 1101 (a)(43)(M)(i)".

The respondent's decision today is the only instance I know of (or could conceive of) in which petitioner was found not guilty by a jury of violating 18 USC § 1344 and 18 USC § 513(a) and petitioner's only co-defendant was not convicted too of violating 18 USC § 1344 and 18 USC § 513(a), charges on which the conspiracy hinged on, and yet declared the petitioner guilty after acquittal by a jury of the charged offenses.

The respondent's decision would be wrong even if we ignore the distinctive character of this constitutional violation.

A court cannot, no matter how clear the petitioner's culpability, direct a guilty verdict against petitioner after the jury has found petitioner and petitioner's co-defendant not guilty of the offense charged.

Section 1344 provides:-

"Whoever knowingly executes, or attempt to execute, a scheme or artifice.

(i) To defraud a financial institution; or

(ii) To obtain any of the money's, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representation, promises shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

Further, Section 513(a) reads:-

"Whoever makes, utters or possesses a counterfeited security of a state or political subdivision thereof or of an organization, .... with intent to deceive another person, organization, or government shall be fined under this title or imprisoned for not more than ten years, or both."

The above sections were presented to the jury after exercising my constitutional right to a jury trial.

The jury has examined the facts, and all the elements enumerated under 18 USC § 1344 and 18 USC § 513(a), and arrived at a unanimous conclusion (verdict) and declared that, "All the people charged in this indictment never committed those offenses in violation of 18 USC § 1344 and 18 USC § 513(a).

IRONICALLY, NOTWITHSTANDING THE JURY'S VERDICT OF NOT GUILTY, THE RESPONDENT IS CHARGING PETITIONER OF BEING CONVICTED UNDER 8 USC § 1101(a)(43)(m)i.

THE JURY HAS DECLARED "NO COUNTERFEIT SECURITIES WERE MADE, UTTERED OR POSSESSED IN VIOLATION OF 18 USC § 513(a) BY THE PEOPLE IN THIS INDICTMENT", AND THUS, IT IS VIRTUALLY IMPOSSIBLE TO PRODUCE A VICTIM OR LOSS. THIS IS THE JURY THAT SAID THAT, NO COUNTERFEIT SECURITIES WERE MADE, UTTERED OR POSSESSED.

THE RESPONDENT CANNOT IMAGINE AND PRODUCE A VICTIM OF A CRIME THAT THE JURY SAID NEVER HAPPENED. THIS COURT SHOULD DEPRIVE THE RESPONDENT FROM GOING AGAINST THE JURY'S VERDICT IN VIOLATION OF THE CONSTITUTION.

FURTHER, IN ACCORDANCE TO ARTICLE III, § 2, Cl. 3. OF THE U.S. CONSTITUTION, AND THE SIXTH AMENDMENT TO THE CONSTITUTION, THE JURY DECLARED THAT, NO BODY IN THIS INDICTMENT CAUSED MONEY COUNTERFEIT SECURITIES THAT WERE NEVER MADE, UTTERED OR POSSESSED IN VIOLATION OF 18 USC § 513(a) TO BE DEPOSITED IN ANY BANK AND SUBSEQUENTLY CAUSED MONEY TO BE WITHDRAWN FROM IT IN VIOLATION OF 18 USC § 1344.

THE JURY'S VERDICT IS CLEAR, NO BANK FRAUD WAS EVER COMMITTED IN THIS INDICTMENT (1344) NOR WERE ANY COUNTERFEIT SECURITIES MADE, UTTERED, OR POSSESSED IN THIS INDICTMENT (513(a)).

THE RESPONDENT CANNOT USE VICTIMS OF AN OFFENSE NOT CHARGE IN THIS INDICTMENT IN VIOLATION OF THE U.S. CONSTITUTION. WHICH STATES THAT:-

"No person shall be held to answer for a capital, or otherwise infamous crime, unless upon a presentment or indictment of a grand jury." U.S. Const. amend. V. Consistent with the Grand Jury Clause, a defendant may be tried and convicted only on those charges contained in the indictment returned by a grand jury.

For Respondent to charge petition of being convicted under 8 USC § 1101(a)(43)(M)(i) after a jury has declared that those offenses were never committed in this indictment, is a deprivation of due process, denial of ~~Right under~~ VI Amendment right to a speedy & public trial, by an impartial jury..."

Respondent might want to contend that, petitioner was indicted for violating 18 USC § 1344 and 18 USC § 513(a), notwithstanding the jury's verdict that, "those offenses never took place."

Respondent will concede that, "An indictment is only an accusation, it is the physical means by which a defendant is brought to trial, its sole purpose is to identify defendants alleged offense, and it is not evidence that offense charged was committed and may not be considered as evidence by the jury during its deliberations,

Respondent will further concede that, "An overt act which completes crime of conspiracy to violate federal law is something apart from conspiracy and is an act to effect the object of the conspiracy, but must accompany or follow agreement and must accompany or follow agreement and must be

DONE IN FURTHERANCE OF THE OBJECT OF AGREEMENT.

THE JURY HAS LOOKED AT THE INFORMATION PRESENTED TO THEM BY THE RESPONDENT, AND DECLARED THAT INFORMATION TO BE NOT FACTUAL, BY DECLARING THAT, NO COUNTERFEIT SECURITY WAS MADE, UTTERED, OR POSSESSED BY ANY BODY IN THIS INDICTMENT IN VIOLATION OF 18 USC § 513(a); NOBODY IN THIS INDICTMENT CAUSED COUNTERFEIT SECURITIES TO BE DEPOSITED INTO ANY BANK, AND SUBSEQUENTLY CAUSED MONEY TO BE WITHDRAWN FROM ANY BANK IN VIOLATION OF 18 USC § 1344.

IF THE JURY SAID THAT 18 USC § 1344 & 18 USC § 513(a) WERE NOT VIOLATED, THEN, THERE CANNOT BE A VICTIM OR MONEY TO TALK ABOUT, ABSENT A VIOLATION OF THOSE STATUTE, AND SINCE THE RESPONDENT DID NOT CHARGE OR CONVICT PETITIONER IN A COURT OF LAW, BY A JURY OF COMMITTING FRAUD OR DECEIT, THIS HONOURABLE COURT SHOULD GRANT PETITIONER BOND PENDING THE FINAL OUTCOME OF THIS CONSTITUTIONAL VIOLATION BY RESPONDENT. PETITIONER CONTINUES TO RELY ON THE JURY'S VERDICT IN THIS INSTANT ACTION, AND SINCE RESPONDENT GAVE ASYLUM TO PETITIONER, AND PETITIONER'S CONSPIRACY CONDUCT OCCURED BEFORE HE WAS GRANTED ASYLUM, AND PETITIONER DID NOT COMMIT CONSPIRACY SINCE HE BECAME AN ASYLEE, THIS COURT SHOULD GRANT PETITIONER A BAIL HEARING.

FOR THE FOREGOING REASONS RESPON PETITIONER PRAYS THAT, THIS HONOURABLE COURT GRANT HIS REQUEST, AS PETITIONER HAS BEEN IN RESPONDENT'S CUSTODY FOR OVER THREE YEARS NOW WITHOUT A BOND HEARING, WHILE RESPONDENT IS TRYING TO DETERMINE A VICTIM OF AN OFFENSE THAT THE JURY SAID WAS NEVER

COMMITTED, OR FOR SUCH ORDER AS THIS COURT DEEMS FIT, SO, THAT PETITIONER WILL SEE BACK HIS FAMILY IN NEW YORK.

Page 8 of 8

DATED: OCTOBER 3rd, 2004
PLYMOUTH, MASSACHUSETTS

RESPECTFULLY SUBMITTED,
JOHN CONTEH #30635,
PCCF,
26 LONG POND ROAD,
PLYMOUTH, MA. 02360

*[signature]*