hand copy.

Page 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN CONTEH,
    PETITIONER,
    A73-630-730
    V.

CIVIL ACTION NO:
04 CV-11685-RWZ

JOSEPH F. MCDONOUGH,
    RESPONDENT.

MOTION TO RECONSIDER THE DISMISSAL ORDER DATED 10/12/04 FOR INJUNCTIVE RELIEF BY GRANTING PETITIONER A BOND WHILE PETITIONER'S APPEAL IS PENDING BEFORE THE BIA SINCE PETITIONER HAS BEEN DETAINED FOR OVER 3 YEARS AND PETITIONERS REMOVAL IS NOT FORSEABLE IN THE NEAR FEATURE.

NOW COMES PETITIONER, JOHN CONTEH AND PETITIONS THIS HONOURABLE COURT TO ~~ISSUE~~ RECONSIDER ITS DECISION DATED 10/12/04 FOR DISMISSAL OF PETITION BECAUSE THE COURT FINDS THAT, PETITIONER WAS INDEED CONVICTED OF A FELONY BY THE SECOND CIRCUIT IN 2001.

AND THAT HE MAY BE DEPORTED, SINCE THAT QUESTION IS PROPERLY BEFORE THE BIA, THIS COURT DOES NOT HAVE JURIDICTION TO GRANT THE WRIT."

PETITIONER STATES THE FOLLOWING THAT:-

THE ISSUE OF WHETHER PETITIONER WAS CONVICTED OF A FELONY IN THE SOUTHERN DISTRICT OF NEW YORK WAS NEVER AN ISSUE BEFORE THIS COURT AS PETITIONER ACKNOWLEDGE THAT FACT BY THE EXHIBIT-B THAT HE WAS ONLY CONVICTED OF CONSPIRACY IN VIOLATION OF 18 USC § 371 AND FALSE STATEMENT IN VIOLATION OF 18 USC § 1001, AND THAT THE JURY ACQUITTED ALL THE DEFENDANTS OF COMMITTING THE SUBSTANTIVE OFFENSES CHARGED IN THIS CONSPIRACY NAMELY: COUNT-2 VIOLATION OF 18 USC § 1344 AND COUNT 3 - VIOLATION OF 18 USC § 513(a).

FURTHER MORE, THE ISSUE OF WHETHER PETITIONER MAY BE SUBJECT TO DEPORTATION WAS ALSO NEVER AN ISSUE BEFORE THIS COURT.

AS PETITIONER STATED TO THIS COURT, THAT, PETITIONER IS CONTENDING THAT, THE CRIMES FOR WHICH PETITIONER IS CONVICTED DOES NOT CONSTITUTE "AGGRAVATED FELONY" AS DEFINED BY THE INA see 8 USC § 1101(a)(43)(m)(i) THE ONLY CHARGE THAT THE HAS RESPONDENT IS DETAINING PETITIONER FOR. THE SUBSTANTIVE OFFENSES WHICH THE JURY SAID NOBODY ATTEMPTED OR COMMITTED IN THE SOUTHERN DISTRICT OF NEW YORK.

Furthermore, as Petitioner stated to this Court, Petitioner has been attending several hearings and that the Immigration Judge had determined again that, Petitioner is removable because of bank fraud which a jury said nobody in the indictment committed. 8 USC § 1101(a)(43)(M)(i), ~~and that~~ 8 USC § 1227(a)(2)(A)(iii); and that only after the BIA's appeal will Petitioner be able to challenge his deportation if any in Federal Court.

There are two issues that Petitioner presented to this Court, and since Federal Courts are the only courts with jurisdiction to resolve constitutional matters, Petitioner is contending that:

## I

The failure of the Bureau of Immigration and Customs Enforcement to grant Petitioner a bond hearing violates Petitioners due process. The Executive Branch does not have unlimited authority to detain deportable aliens indefinately. Zadvydas v. Davis, 533 U.S. 678, 701 (2001). Detention is only permissible for a period reasonably necessary to carry out removal from the United States, id. While a period of six months is presumtively reasonable period to effect removal, once a resonable period is exceeded, release should be authorized, absent special circumstances justifying continued detention id 8 C.F.R. § 241.13(g)(1). Petitioners removal is not immediately forseeable, as this matter is continuing and Petitioner

Has been in detention for over 3 years without a bond hearing, petitioners removal is not forseeable in the near feature, petitioner is asking this honourable court to grant him release pending the outcome of this case.

Furthermore, no special circumstances exist in petitioners case warranting his continued detention, on this basis his continued detention at this time is unlawful.

## II

The second issue infront of this court is the fact that petitioner was granted asylum see Exhibit-A in original petition.

Pursuant to 8 USC § 1158 (c)(3)(c)(1)

In the case of an alien granted asylum under subsection (b) of this section, the Attorney General –

(A) shall not remove or return the alien to the aliens country of nationality or, in the case of a person having no nationality, the country of the alien's last habitual residence.

The Attorney General has provided regulations governing Asylee, 8 CFR § 208.21(a) states that :–

"An alien who has been granted asylum may not be deported or removed unless his or her asylum status is terminated pursuant to 8 CFR § 208.23 of this part."

Petitioner –

Further, 8 CFR § 208.23(c)(a) states that, "... the alien shall be given written notice that asylum status etc... issued pursuant thereto are terminated;" the language of the statute is mandatory.

8 USC § 1158(a)(3)(c)(3) provides for ~~removal only~~ detention and removal only after asylum is terminated, in accordance with sections 1229a and 1231 of this title. Asylum was granted petitioner on July 9, 1997, and this asylum has not been terminated for respondent to continue detaining petitioner; a violation of these statutary provisions renders petitioners detention unlawful. ~~There is no document in the world~~ There is no document according to 8 CFR § 208.23(c)(a) to warrant petitioners detention while he remains an asylee.

### Standard of Review and Subject Matter Jurisdiction.

Since the matter before this court is not about whether petitioner is convicted of a felony in the Southern District of New York, or whether petitioner is subject to deportation; but

1. Whether the Respondent detention of petitioner is lawful while petitioner remains an asylee, ~~and~~ when the statute clearly states that, petitioner is not deportable while he remains

AN ASYLEE.

2. WHETHER PETITIONERS DETENTION BY RESPONDENT WITHOUT A BOND IS LAWFUL WHILE PETITIONER REMAINS AN ASYLEE ABSENT A SHOWING THAT PETITIONER IS A THREAT TO THE UNITED STATES.

UNDER BOTH RULES 12(b)(6) AND 12(b)(1), THE COURT MUST TAKE AS TRUE THE WELL PLEADED FACTS AS THEY APPEAR IN THE PETITION AND HABEAS EXHIBITS, EXTENDING THE PETITIONER EVERY REASONABLE INFERENCE IN HIS FAVOR. See KIELY, 105 F.3d at 735; NEGRON-GAZTAMBIDE v. HERNANDEZ-TORRES, 35 F.3d 25, 27 (1st Cir. 1994) see Also, RASHEED v. DUVAL, 57 F.3d 1061, 1995 WL 365994, at 1 (1st Cir. June 19, 1995) (UNREPORTED) (HABEAS EXHIBITS USED IN FRAMING PETITION ARE PART OF THE PLEADINGS AND MAY BE CONSIDERED ON MOTION TO DISMISS).

PURSUANT TO RULE 12(b)(6), THE COURT MAY GRANT DISMISSAL IF "IT APPEARS BEYOND DOUBT THAT THE PETITIONER CAN PROVE NO SET OF FACTS IN SUPPORT OF HIS CLAIM WHICH WOULD ENTITLED HIM TO RELIEF." CONLEY v. GIBSON, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2. L.ed. 2d 80 (1957). ACCORD ROEDER v. ALPHA INDUS., INC., 814 F.2d 22, 25 (1st Cir. 1987).

GORDON v. ASHCROFT, 283 F.Supp. 2d 435, 437-38 (D. Mass. 2003). THE PETITIONER IS REQUIRED ONLY TO "SET FORTH A SHORT AND PLAIN STATEMENT OF THE CLAIM SHOWING THAT

the petitioner is entitled to relief." Fed. R. Civ. P. 8(a)(2)" Such a statement must simply give the Respondent fair notice of what the petitioners claim is and the grounds upon which it rests". SWIERKIEWICZ V. SOREMA N.A., 534 U.S. 506, 512 (2002).

Generally, when a party raises a challenge to the courts subject matter jurisdiction, the court should address that challenge before turning to any other issues. STEEL Co V. CITIZENS FOR A BETTER ENVIROMENT, 523 U.S. 83, 94-95 (1998).

"It is well established that the fifth amendment entitles aligns to due process of law." RENO V. FLORES, 507 U.S. 292, 306, 113 S.Ct 1439, 1449, 123 L.ed 2d 1 (1983), at the core of these due process rights is the right to notice of the nature of the charges and a meaningful opportunity to be heard. The Respondent is holding petitioner on a charge 8 USC § 1101(a)(43)(M)(i) which a jury had acquitted all the defendants.

There is no significant likelihood of removal in the reasonably forseeable future while petitioner remains an asylee, Respondent however, continued to detain petitioner for over 3 years without a bond hearing.

The destructive effects of continued detention on petitioner and his family constitute irreparable harm warranting immediate judicial relief. See e.g. GUITARD V. UNITED STATES SECRETARY OF NAVY, 967

F. 2d 737, 741 (2nd Cir. 1992)

WHEREFORE, FOR THE FORGOING REASONS, PETITIONER PRAYS THAT, THIS HONOURABLE COURT ORDER HIS IMMEDIATE RELEASE.

RESPECTFULLY SUBMITTED FOR THIS 5th DAY OF NOVEMBER 2004

JOHN CONTEH #30635,
26 LONG POND ROAD,
PLYMOUTH, MA. 02360.

COPIES MAILED TO:
CLERK OF COURT / CHAMBERS OF U.S. D.J.
U.S. DISTRICT COURT.

SPECIAL ASSISTANT ATTORNEY,
DEPARTMENT OF HOMELAND SECURITY,
P.O. BOX 8728,
J.F.K. STATION,
BOSTON, MA. 02114.

PLEASE RETURN A PHOTO COPY TO PETITIONER TO ACKNOWLEDGE RECEIPT OF MOTION