UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN CONTEH,
    PETITIONER,

v.

JOSEPH MCDONOUGH
Sheriff Plymouth County,

CASE NO: 04-CV-11685-RWZ

MOTION FOR INJUNCTIVE RELIEF IN THE
FORM OF IMMEDIATE RELEASE FROM DETENTION
PENDING THE OUTCOME OF HIS HABEAS (2241)
PETITION BEFORE THIS COURT

NOW COMES PETITIONER, JOHN CONTEH (hereinafter, "Petitioner"), AND MOVES THIS HONORABLE COURT TO GRANT HIM INJUNCTIVE RELIEF IN THE FORM OF IMMEDIATE RELEASE FROM DETENTION.

    AS BASIS THEREFORE, PETITIONER STATES THAT HIS PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 USC § 2241 WHICH THIS COURT HAS EARLIER MISCONSTRUED AS A STATE CONVICTION PETITION UNDER 28 USC § 2254 REMAINS PENDING BEFORE THIS HONOURABLE COURT.

    WHILE PETITIONER CHALLENGES HIS INDEFINITE DETENTION BY HIS AFOREMENTIONED CUSTODIAN AS UNCONSTITUTIONAL; WHILE PETITIONER CLAIMS ACTUAL AND LEGAL INNOCENCE OF

110 L. Ed. 269.

40 L. Ed. 269, the Petitioner to be an unlawful Act is distinct from being

WHILE THIS MATTER IS UNDER CONSIDERATION, PETITIONER REMAINS DETAINED BY AND UNDER THE CUSTODY OF THE RESPONDENT WHILE PETITIONER HAS NOT VIOLATED HIS ASYLUM STATUS, OR REMAINS ONE.

PETITIONER HAS BEEN DETAINED SINCE JULY 2001, OVER THREE YEARS NOW FOR AN OFFENSE A JURY HAD FOUND THE PETITIONER AND THE ONLY CODEFENDANT OF COMMITTING.

IRREPARABLE INJURY MIGHT OCCUR WITHOUT IMMEDIATE JUDICIAL RELIEF.

1. THE CONTINUED DETENTION OF PETITIONER IS UNLAWFUL AS CHARGED UNDER THE NTA. AMEND 5. U.S. CONST.

THE EXECUTIVE BRANCH DOES NOT HAVE UNLIMITED AUTHORITY TO DETAIN AN ALIEN WHO HAS NOT LEGALLY BEEN CHARGED OF A DEPORTABLE OFFENSE AS REQUIRED. AMEND. 5. U.S. CONST.,

RELEASE SHOULD BE AUTHORIZED, ABSENT SPECIAL CIRCUMSTANCES JUSTIFYING CONTINUED DETENTION. 8 CFR § 241.13 (g)(i).

PETITIONER HAS DEMONSTRATED THAT HIS REMOVAL IS NOT IMMEDIATELY FORESEEABLE, AS PETITIONER KEEPS GOING BACK AND FORTH BECAUSE THE JUDGES ARE IS BIAS AGAINST HIM.

FURTHERMORE, NO SPECIAL CIRCUMSTANCES EXIST IN PETITIONER CASE WARRANTING HIS CONTINUED DETENTION. ON THIS, THE BASIS OF HIS CONTINUED DETENTION AT THIS TIME IS UNLAWFUL BECAUSE HE HAS NOT BEEN LAWFULLY CHARGED WITH A DEPORTABLE OFFENSE.

THE DESTRUCTIVE EFFECTS OF CONTINUED DETENTION ON PETITIONER AND HIS FAMILY, too by willfully CONSTITUTE IRREPARABLE HARM WARRANTING IMMEDIATE JUDICIAL RELIEF

Petitioner has a right to a full and fair process ~~by been tobe char~~ under the Fifth Amend. not tobe charged with an offense which the Respondent knowingly, know that Petitioner was not convicted of committing, see NTA, which the Trial Court had terminated from their records, just because Respondent wants to punish Petitioner, which there is no monetary damages for.

"It is well established that the Fifth Amendment entitles Aliens to Due Process of Law in Deportation Proceedings" Reno v. Flores, 507 U.S. 292, 306, 113 S.Ct. 1439, 1449, 123 L.Ed. 2d (1983).

At the core of these due process rights is the right to notice of the nature of the charges and a meaningful opportunity tobe heard. Choeum v. INS, 129 F.3d 29, 38 (1st Cir. 1997).

But when Respondent knowingly, and willfully charged petitioner with an offense which the Respondent knew has been terminated from the Court records, because a jury had acquitted all the defendants of committing them, and continue detaining petitioner on that basis, a Exhaustion of Administrative Remedy is not warranted, especially when its the same person making the decision.

Further, "Due process requires a neutral and detached judge in the first instance" Concrete Pipes of Bros., Inc.

knows that petitioner was not convicted and yet continues on the same information, it is no longer a trial, it is a punishment which petitioner has no remedy out of.

"Federal Courts ... retain subject matter jurisdiction over habeas petitions brought by aliens facing removal to the extent that these petitions are based on colorable claims that an aliens statutory or constitutional rights have been violated"). See Charging Document and Docket Sheet.

WHEREFORE, for the foregoing reasons, petitioner prays that this Honourable Court order his immediate release.

Respectfully submitted this 4 day of Dec 2004
John Conteh # 70685
PCCF,
26 Long Pond Road
Plymouth, MA 02360.

EXHIBITS —

1 - Charging Document - XA
2 - Court Docket Entry - XB
3 - Custody Determination - XC

U.S. Department of Justice  
Immigration and Naturalization Service

# Notice to Appear

**In removal proceedings under section 240 of the Immigration and Nationality Act**

File No: A73 630 730

In the Matter of:

Respondent: John                                              CONTEH

FMC Devens  PO Box 880                                        MA     01432        (978) 796-1000
Ayer
(Number, street, city, state and ZIP code)                                         (Area code and phone number)

☐ 1. You are an arriving alien.
☐ 2. You are an alien present in the United States who has not been admitted or paroled.
☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of Sierra Leone and a citizen of Sierra Leone;
3. You were admitted to the United States at New York, NY on or about January 5, 1995 as a non-immigrant visitor;
4. On July 9, 1997 you were granted asylum at New York, NY;
5. You were, on July 24, 2000, convicted in the United States District Court at Southern District of New York for the offense of Conspiracy to Commit Bank Fraud, in violation of Title 18, United States Code, Section 371.
6. The loss to the victim(s) of that crime was an amount exceeding $10,000.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(2)(A)(iii) of the of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(K) of the Act, (an offense that involves fraud or deceit in which loss to the victim or victims exceeds $10,000).

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to:   ☐ 8 CFR 208.30(f)(2)   ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: Room 320, John F. Kennedy Building, Government Center, Boston, MA 02203.
(Complete Address of Immigration Court, Including Room Number, if any)

on ___to be set___ at _____ to show why you should not be removed from the United States based on the
      (Date)              (Time)
charge(s) set forth above.

                                                           Assistant District Director INV
                                                           (Signature and Title of Issuing Officer)

                                                           Boston, MA
                                                           (City and State)

Date: 5/22/01

X-A

**See reverse for important information**

Form I-862 (Rev. 4-1-97)