```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS

JOHN CONTEH,                     )
                                 )
           Petitioner            )
                                 )     Civil Action No.
     v.                          )     04cv11685-RWZ
                                 )
JOSEPH F. MCDONOUGH, Sheriff     )
                                 )
                                 )
           Respondent[1]         )
```

MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION
TO PETITIONER'S MOTION TO RECONSIDER, AND
<u>PETITIONER'S MOTION FOR INJUNCTIVE RELIEF</u>

**SUMMARY STATEMENT**

The Court should deny petitioner's Motion to Reconsider the Dismissal Order Dated 10/12/14, etc. ("Motion to Reconsider"), for being untimely as beyond the 10-day limit set for such motion in Fed. R. Civ. P. Rule 59(e)(any motion to alter or amend judgment "shall be filed no later than 10 days after entry of the judgment."). The Court should also deny petitioner's Motion for Injunctive Relief, etc. ("Motion for Injunctive Relief") for the reasons set out below.

Because the Judgment in this case was entered on October 13, 2004, petitioner's Motion to Reconsider was required to have been filed no later than October 23, 2004, to be timely under Rule 59(e).  But petitioner's Motion to Reconsider was

---

[1] <u>See</u> 28 U.S.C. § 517 (providing for the appearance of the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States").

not filed until November 8, 2004, and so it should be denied as untimely.

Even if petitioner's Motion to Reconsider is not untimely, or if the untimeliness is somehow excused, the motion is meritless. Though petitioner continues to acknowledge that "only after the BIA's appeal will petitioner be able to challenge his deportation . . . in any Federal court", Motion to Reopen, p. 3, he continues to attack the removal order on the ground that he was once granted asylum, and on other grounds. It is clear that as this Court has already ruled, petitioner must first exhaust his administrative remedies at the Board of Immigration Appeals before any judicial review comes into play.

Indeed, since respondent's last filing in this matter, the First Circuit has confirmed that the statutory exhaustion of administrative remedies requirement at 8 U.S.C. § 1252(d) bars all court review, including habeas corpus. In <u>Sayyah v. Farquharson</u>, 382 F.3d 20, 26 (1st Cir. 2004) the First Circuit held that an alien could not maintain a habeas corpus action seeking review of issues that could have been but were not exhausted administratively. The <u>Sayyah</u> decision directly controls the instant case in that the First Circuit there declared "[w]e conclude that [8 U.S.C.] section 1252(d)'s exhaustion requirement applies generally to habeas corpus petitions. To hold otherwise would drastically limit the

utilization of a salutary principle customarily applied in respect to administrative proceedings. Such an interpretation would allow an alien subjected to an adverse decision to reject the very administrative review processes established to correct mistakes and to insist, instead, upon immediate access to a federal court. Accordingly, we hold that section 1252(d)'s exhaustion requirement applies broadly to all forms of court review of final orders of removal, including habeas corpus." Id.

Moreover, if petitioner in the end loses at the BIA, and continues to dispute that he was properly characterized administratively as having been convicted of an "aggravated felony", he must seek judicial review at the First Circuit as prescribed by statute, not in the district court. Rivera-Martinez v. Ashcroft, 389 F.3d 207 (1st Cir. 2004).

Petitioner's continuing arguments relating to his detention, renewed by his Motion for Injunctive Relief, etc. ("Motion for Injunctive Relief"), have already been addressed by reference to Demore v. Kim, 123 S.Ct. 1708, 1712 (2003) ("[w]e hold that Congress, justifiably concerned that deportable criminal aliens who are not detained continue to engage in crime and fail to appear for their removal hearings in large numbers, may require that persons such as respondent be detained for the brief period necessary for their removal proceedings.").

What is more, it bears repetition that petitioner *did* have a custody hearing before an Immigration Judge, was denied release, but then failed to pursue administrative appeal of that determination to the BIA.  Finally, petitioner's Motion for Injunctive Relief misapprehends that his habeas corpus petition to this Court "remains pending."  Motion for Injunctive Relief, p.1.  The petition was dismissed by Judgment dated October 13, 2004, and petitioner's continuing detention remains lawful. Demore v. Kim, supra.

In sum, petitioner's Motion to Reconsider is untimely, and in any event fails to provide any meritorious basis for the Court to revisit its dismissal of this case.  Accordingly, the Court should deny the Motion to Reconsider, and deny the Motion for Injunctive Relief.

                    Respectfully submitted,

                    MICHAEL J. SULLIVAN
                    United States Attorney

By:  s/Frank Crowley
     FRANK CROWLEY
     Special Assistant U.S. Attorney
     Department of Homeland Security
     P.O. Box 8728
     J.F.K. Station
     Boston, MA 02114
     (617) 565-2415

**CERTIFICATE OF SERVICE**

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on December 22, 2004.

                    <u>s/Frank Crowley</u>
                    FRANK CROWLEY
                    Special Assistant U.S. Attorney
                    Department of Homeland Security
                    P.O. Box 8728
                    J.F.K. Station
                    Boston, MA 02114