UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN CONTEH
    PETITIONER

V.

JOSEPH M. MCDONOUGH, Sheriff,
    RESPONDENT

CIVIL ACTION #:
04-CV-11685-RWZ

PETITIONER'S REPLY TO RESPONDENT'S MOTION

NOW COMES, JOHN CONTEH, (hereinafter "petitioner"), ACTING PRO SE IN THE ABOVE CAPTIONED CASE.

PETITIONER WOULD LIKE TO REMIND THIS HONOURABLE COURT THAT, PETITIONER IS A PRO SE LITIGANT AND SHOULD BE HELD TO LESS STRINGENT STANDARD THAN PROFFESSIONAL LAWYERS. HAYNES V. KERNER 404 U.S. 519, 30 L.ed. 2d 652 92 S.Ct. 594

PETITIONER STATES THE FOLLOW IN SUPPORT:

## Summary Statement

By an order dated 10/12/04 this Honourable Court dismissed Petitioners petition for Federal Writ of Habeas Corpus under 28 USC § 2254, "By stating that petitioner was indeed convicted of a felony and thus may be deported." Issues that were never presented to this court, as petitioner supported this with exhibits.

Because the court construed petitioner's motion as a state prisoner challenging his conviction under 28 USC § 2254

Petitioner filed a motion for reconsideration under 28 USC § 2241 and the issues thereto. "See Motion for Reconsideration or in the alternative a "Notice of Appeal" if the motion for reconsideration is untimely.

The court accepted the motion as timely, and petitioner filed a motion for injunctive relief while the motion is pending, see court docket as motion for reconsideration, not; as notice of appeal to the 1 Circuit.

## Argument I

Petitioner's case is distinguisable from Demore v Hyung Joon Kim, 123 S.Ct 1708, 538 U.S. 510 (U.S. 2003) in the following areas.

In Demore, supra, the Supreme Court held that:

Under the Immigration and Nationality Act, 8 U.S.C § 1226(c); "The Attorney General shall take into custody any alien who is removable from this country because he has been

CONVICTED OF ONE OF A SPECIFIED SET OF CRIMES, INCLUDING AN "AGGRAVATED FELONY"

I. IN DEMORE SUPRA, THE PETITIONER INVOLVED A LAWFUL PERMANENT RESIDENT ALIEN CONVICTED IN STATE COURT OF FIRST DEGREE BURGLARY AND LATER OF 'PETTY THEFT WITH PRIORS'.

II. THE IMMIGRATION & NATURALIZATION SERVICE (INS) CHARGED THE ALIEN WITH BEING DEPORTABLE FROM THE UNITED STATES IN LIGHT OF THESE CONVICTIONS AND DETAINED HIM PENDING HIS REMOVAL HEARING

III. PETITIONER (ALIEN) IN DEMORE, SUPRA NEVER DISPUTED THE VALIDITY OF HIS CONVICTION OR THE INS CONCLUSION THAT HE IS DEPORTABLE

IV. THE ALIEN IN DEMORE SUPRA FILED A HABEAS CORPUS ACTION CHALLENGING THE CONSTITUTIONALITY OF § 1226(C) ON THE GROUND THAT HIS DETENTION THEREUNDER VIOLATED DUE PROCESS. THE SUPREME COURT HELD IN DEMORE, SUPRA.

[1] .... ALIEN WAS NOT CHALLENGING DISCRETIONARY JUDGMENT OR DECISION BY ATTORNEY GENERAL, BUT RATHER WAS CHALLENGING CONSTITUTIONALITY, UNDER DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT, OF STATUTORY FRAMEWORK THAT THAT PERMITTED HIS DETENTION WITHOUT BAIL, AND PROVISION DID NOT EXPLICITLY BAR HABEAS REVIEW. U.S.C.A. CONST. AMEND. 5; INA § 236(c, e); 8 U.S.C.A. § 1226 (C).

IN PETITIONERS THIS INSTANT CASE,

I. PETITIONER IS AN ASYLEE CONVICTED OF VIOLATING 18 USC § 371.

II. Petitioner has not been charged with an offense of which Petitioner was convicted as provided under the Due Process Clause of the United States Constitution. See "Notice to Appear — NTA"

III. Petitioner in this instant case is not challenging the constitutionality of 8 USC § 1226(c) as in Demore Supra, ~~but~~

But rather, Petitioner is challenging a "Discretionary Judgement" by the Attorney General and a decision that the Attorney General has made regarding Petitioner's detention for over 3 years now.

The Supreme Court in Demore Supra [538 U.S. 511] held:

1. Section 1226(e) -- which states that "the Attorney General's discretionary judgement regarding the application of this section shall not be subject to review" and that "no court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien..."— does not deprive federal courts of jurisdiction to grant habeas relief to aliens challenging their detention under §1226(c).

Thus this court has jurisdiction over this petition to grant the writ and the requested injunctive relief in the form of immediate release pending the final outcome.

Petitioner is not challenging the constitutionality of § 1226(c), but rather a "discretionary judgement" by the Attorney General and the decision the Attorney General has made to detain petitioner for over 3 years without bond while petitioner remains an asylee.

As the Supreme Court stated, this court [Federal Courts] are not deprived of jurisdiction to grant habeas relief to aliens challenging their detention under § 1226(c).

When the Supreme Court has spoken on a statutory interpretation, the lower courts cannot interpret that statute differently, see Rivers v. Roadway Express, Inc. 511 U.S. 298, 312-13 (1994) ("it is this courts responsibility to say what a statute means, and once the court has spoken, it is the duty of other courts to respect that understanding of the governing rule of law").

This court is not deprived of jurisdiction to grant habeas relief to aliens challenging their detention under § 1226(c).

The Supreme Court in Demore v Kim, 123 S.ct 1708, 1702 (2003) talks of a brief period of detention, and went on to compare the detention in Zadvydas by stating that;

"While the period of detention at issue in Zadvydas was "indefinite" and "potentially permanent", Id. at 690-691, 121 S.ct 2491, The record shows that 1226(c) detention not only

has a definite termination point, but lasts, in the MAJORITY OF CASES, for less than the 90 days the court considered presumptively valid in Zadvydas. pp. 1714-1722.

Petitioners detention is well over the "brief period" referred to in Demore supra in the magnitute of over 700%

When the Supreme Court "used the phrase "brief period" they took into consideration the statistics provided by the respondent in making their decision. "A brief period less than the 90 days the court considered presumptively valid in Zadvydas." pp. 1714-1722.

Petitioner has been in Respondents custody since July 2001, well over the 90 days brief period that the Supreme Court considered presumtively valid in Zadvydas in the magnitude of hundreds, over 3 years.

In Demore supra, (FN11), the Executive Office for Immigration Review has calculated that, in 85% of the cases in which aliens are detained pursuant to § 1226(c), removal proceedings are completed in an average time of 47 days and a median of 30 days. Brief for Petitioners 39-40. In the remaining 15% of cases, in which

THE ALIEN APPEALS THE DECISION OF THE IMMIGRATION JUDGE TO THE BOARD OF IMMIGRATION APPEALS, APPEALS TAKES AN AVERAGE OF FOUR MONTHS, WITH A MEDIAN TIME THAT IS SLIGHTLY SHORTER. Id., at 40 (FN 12)

THESE STATISTICS DO NOT INCLUDE THE MANY CASES IN WHICH REMOVAL PROCEEDINGS ARE COMPLETED WHILE THE ALIEN IS STILL SERVING TIME FOR THE UNDERLYING CONVICTION. Id., at 40, [538 U.S. 530] n. 17.

IT WAS ON THE BACKGROUND STATISTICAL BASIS THAT THE SUPREME COURT USED THE PHRASE "BRIEF PERIOD". SINCE PETITIONER HAS BEEN IN DETENTION FOR OVER 3 YEARS, WELL OVER THE AVERAGE AND MEDIAN PERIOD PROVIDED BY THE RESPONDENT, THIS COURT SHOULD GRANT PETITIONER AN INJUNCTIVE RELIEF IN THE FORM OF BOND IMMEDIATE RELEASE PENDING THE FINAL OUTCOME IN THIS MATTER.

## II

RESPONDENT'S ARGUMENT THAT PETITIONER STATUS AS AN ASYLEE BEARS NO SIGNIFICANCE MUST BE REJECTED. 8 USC § 1158 (c)(2)(A)

"THE ATTORNEY GENERAL SHALL NOT REMOVE THE ALIEN TO THE ALIENS COUNTRY OF NATIONALITY OR IN

OR IN CASE OF A PERSON HAVING NO NATIONALITY, THE COUNTRY OF THE ALIENS LAST HABITUAL RESIDENCE".

8 USC § 1158 (c)(3) PROVIDES FOR REMOVAL AND DETENTION WHEN ASYLUM IS TERMINATED.

THIS THE ATTORNEY GENERAL HAS NOT DONE, ONLY WHEN THIS STATUTORY PROVISION IS COMPLIED TO WILL THE RESPONDENT ATTEMPT TO DETAIN PETITIONER OR TO ATTEMPT TO REMOVE PETITIONER TO ANOTHER COUNTRY OTHER THAN PETITIONERS COUNTRY OF NATIONALITY.

THE RESPONDENT HAS NOT PROVIDE PETITIONER WITH ANY DOCUMENT SHOWING THAT HE IS NO LONGER AN ASYLEE AND THAT HE WILL BE DEPORTED TO ANOTHER COUNTRY OTHER THAN HIS COUNTRY OF NATIONALITY.

THE RESPONDENT IS BOUND BY THE PROTOCOL RELATING TO REFUGEES NOT TO ATTEMPT TO REMOVE PETITIONER TO HIS COUNTRY OF NATIONALITY AND OR CONTINUE TO DETAIN PETITIONER WHILE HE REMAINS AN ASYLEE.

THE RESPONDENT SHOULD ABIDE BY ARTICLE 32, §§ 2, 3.

### III

THIS COURT IS NOT DEPRIVED OF JURISDICTION ESPECIALLY WHEN THE PETITIONER HAS BEEN IN DETENTION FOR OVER 3 YEARS WITHOUT EVEN A PROPER CHARGE ON THE NTA. A PETITIONER WAS NOT CONVICTED OF THE CHARGED INS OFFENSE

## CONCLUSION.

This court should grant petitioners injunctive relief in the form of bond immediate release

Respectfully submitted,

DATED: 2 DEC. 2004
Plymouth, MA. 02360

John Conteh #30685
PCCF,
26 Long Pond Road,
Plymouth, MA. 02360

Copies mailed;
Frank Crowley
Special Assistant U.S. Attorney
DHS
P.O. Box 8728
JFK Station
Boston, MA. 02114

By placing a copy in the mail at the detention facility where I am detained.